# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                          **PLAINTIFF**

**v.**                      **Case No. 4:16-cr-00042 KGB**

**DONNELL LAKEITH REED**                          **DEFENDANT**

## ORDER

Before the Court is defendant Donnell Lakeith Reed's motion for early termination of supervised release (Dkt. No. 35). The government has filed a response to Mr. Reed's motion (Dkt. No. 38). For the following reasons, the Court grants Mr. Reed's motion (Dkt. No. 35).

After pleading guilty to two counts of distribution of methamphetamine, on January 11, 2018, the Court sentenced Mr. Reed to serve 15 months in the Federal Bureau of Prisons ("BOP"). Additionally, the Court sentenced Mr. Reed to serve three years on supervised release with the special condition that he participate in substance abuse treatment, which may include testing, outpatient counseling and residential treatment and abstain from the use of alcohol throughout the course of treatment, and directed that he pay a $200 special penalty assessment (Dkt. No. 30, at 1-3, 5-6). Mr. Reed was released from the BOP on February 9, 2019, at which point he commenced his supervised release (Dkt. No. 35, at 1).

In support of his motion, Mr. Reed asserts that his offenses did not involve the use or threatened use of violence, possession or use of a firearm, or allegations of a drug conspiracy (*Id.*, at 2-3). Mr. Reed represents that, while on supervised release, he has maintained continuous employment supervising day-to-day operations of the trucking company that he founded (*Id.*, at 3). He states that, while on supervised release, he has been in complete compliance with all his conditions and has been an active volunteer with a youth basketball league and with youth at his

church (*Id*., at 3-5).  Mr. Reed states that he has not re-offended and early termination of supervised release would not diminish the deterrent effect of his sentence (*Id*., at 4).  He represents that continued supervision presents an unusual hardship for him because his trucking company owns two 18-wheeler tractor trailers; it has only one other employee; and, while on supervision, he cannot use his commercial driver's license to drive the second 18-wheeler out of state (*Id*. at 5-6).  Mr. Reed claims that his supervision is directly affecting his ability to build his business and support his family (*Id*., at 5-6).

Mr. Reed has attached two letters of recommendation to his motion (*Id*., at 4-25).  The letters are from the executive director of the youth basketball league who states in support of Mr. Reed that he is a "positive, motivated leader for the youth in her program" and from the wife of the pastor of Ezekiel Missionary Baptist Church who represents that Mr. Reed plays a major role with the youth of the church by "counseling, motivating and encouraging them." (*Id*., at 8-10).

Counsel for the government has filed a response and does not oppose Mr. Reed's motion (Dkt. No. 38, at 3).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of the Federal Rules of Criminal Procedure and certain enumerated factors, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice.  Therefore, the Court grants Mr. Reed's motion for early termination of supervised release (Dkt. No. 35).

So ordered this 18th day of November, 2020.

_Kristine G. Baker_
Kristine G. Reed
United States District Judge

2